T.C. Memo. 1998-401


UNITED STATES TAX COURT


GARY JAMES TAYLOR, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20730-97.              Filed November 12, 1998.


Gary James Taylor, pro se.

Julie L. Payne, for respondent.


MEMORANDUM OPINION

WOLFE, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the tax year in issue, unless otherwise indicated.

All Rule references are to the Tax Court Rules of Practice and Procedure.

The sole issue for determination is whether petitioner is entitled to the earned income credit for the tax year 1994.

This case was submitted fully stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Monroe, Washington, when the petition in this case was filed.

During 1994, petitioner was incarcerated at the Washington State Reformatory, a penal institution. During his incarceration, petitioner was employed by Washington Marketing Group, Inc. (WMG), as a telemarketer. For his services, petitioner received wages from WMG in the amount of $5,054.10. Petitioner included this amount in his 1994 Federal income tax return and claimed an earned income credit in the amount of $300.

Petitioner is not entitled to the earned income tax credit he claimed on his 1994 tax return. An eligible individual is allowed an earned income credit for the taxable year in an amount equal to the credit percentage of so much of the taxpayer's earned income as does not exceed the earned income amount. Sec. 32(a). Earned income includes wages, salaries, tips, and other employee compensation. Sec. 32(c)(2)(A)(i). However, earned income does not include any amount received for services provided by an individual while the individual is an inmate at a penal institution. Sec. 32(c)(2)(B)(iv). The wages reported by

petitioner on his 1994 income tax return were compensation for services provided by petitioner while he was incarcerated; therefore, this income is not earned income for purposes of the credit.  With respect to the earned income credit, petitioner had no earned income and is, therefore, not entitled to the credit.

<u>Decision will be entered</u> <u>for respondent</u>.